**1** TRINETTE G. KENT (State Bar No. 025180)
**2** 11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
**3** Telephone: (480) 247-9644
**4** Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com
**5**

**6** *Of Counsel to*
Lemberg & Associates LLC
**7** A Connecticut Law Firm
**8** 1100 Summer Street
Stamford, CT  06905
**9** Telephone: (203) 653-2250
**10** Facsimile: (203) 653-3424

**11**
Attorneys for Plaintiff,
**12** Kim Creech

**13**
**14**
**15**
IN THE UNITED STATES DISTRICT COURT
**16**
FOR THE DISTRICT OF ARIZONA
**17**
**18**
**19** Kim Creech,                                    Case No.:

**20**        Plaintiff,                             **COMPLAINT**
**21**
   vs.
**22**                                                **JURY TRIAL DEMANDED**
**23** Delta Outsource Group, Inc.; and
   DOES 1-10, inclusive,
**24**
**25**
         Defendants.
**26**
**27**
**28**

For this Complaint, the Plaintiff, Kim Creech, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Kim Creech (hereafter "Plaintiff"), is an adult individual residing in Apache Junction, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Delta Outsource Group, Inc. (hereafter "Delta"), is a Missouri company with an address of P.O. Box 1210, O'Fallon, Missouri 63366-9010, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by Delta and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Delta at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than the Plaintiff allegedly incurred a financial obligation in the approximate amount of $7,000.00 (the "Debt") to an original creditor (the "Creditor").

9. Plaintiff is not the Debtor and is in no way responsible for repayment of the Debt.

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Delta for collection, or Delta was employed by the Creditor to collect the Debt.

12. Delta attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Delta Engages in Harassment and Abusive Tactics

13. Beginning in or around July of 2012, Delta began contacting Plaintiff in an attempt to collect the Debt.

3

14. The Debt did not belong to Plaintiff, and Plaintiff was not a co-signer on the Debt.

15. Delta placed numerous calls to Plaintiff's cellular phone, calling approximately three times per week.

16. On at least one occasion, Delta placed a call to Plaintiff after 9:00 p.m.

17. In each call placed to Plaintiff, Delta stated that it was looking to collect on a Debt that belonged to Plaintiff's boyfriend.

18. On numerous occasions, Plaintiff explained to Delta that her boyfriend did not live with her and that he could not be reached at her number.

19. Furthermore, Plaintiff repeatedly requested that Delta stop the calls to her cellular phone regarding the Debt.

20. Despite being informed of such, Delta continued to place calls to Plaintiff's cellular phone.

21. During one conversation, Delta threatened Plaintiff that if she and her boyfriend did not come up with the money to satisfy the Debt, then Delta would seize Plaintiff's boyfriend's assets.

22. Delta's calls were extremely harassing and caused Plaintiff a great deal of aggravation.

## C. Plaintiff Suffered Actual Damages

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants contacted the Plaintiff after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

27. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

29. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

30. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Arizona state law.

37. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with repeated phone calls.

6

38. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

39. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages from Defendants in an amount to be determined at trial.

41. All acts of Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to the Arizona claim pursuant to A.R.S. § 12-341.

G. For Plaintiff's reasonable attorneys' fees and costs in relation to any Arizona contract claim pursuant to A.R.S. § 12-341.01; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1
2  DATED:  October 12, 2012                LEMBERG & ASSOCIATES, LLC
3
4
5                                          By:  */s/   Trinette G. Kent*
                                           Trinette G. Kent
6
7                                          Attorney for Plaintiff
                                           Kim Creech
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28